UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>ALLSAINTS SPITALFIELDS USA RETAIL LTD, an England Corporation,<br><br>    Defendant. | Case No. 21-cv-03260-BLF<br><br>**ORDER DENYING MOTION TO DISMISS; AND DIRECTING DEFENDANT TO ANSWER BY FEBRUARY 18, 2022**<br><br>[Re: ECF 13] |

Plaintiff Brian Whitaker ("Whitaker") sues Defendant AllSaints Spitalfields USA Retail LTD ("AllSaints"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. AllSaints seeks dismissal of the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim, respectively. The Court previously determined that the motion is suitable for decision without oral argument and vacated the hearing. *See* Order Submitting Motion, ECF 23.

For the reasons discussed below, the motion is DENIED.

**I.  BACKGROUND**

Whitaker suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. Compl. ¶ 1, ECF 1. He visited Defendant AllSaints' store in the Stanford Shopping Center "in April 2021 with the intention to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." *Id*. ¶¶ 2, 8. Whitaker does not allege what goods or services are sold at the store. *Id*.

According to Whitaker, the store "provides tables to its customers but fails to provide any wheelchair accessible tables." Compl. ¶ 11. More specifically, Whitaker alleges that "[l]ounge tables are available for customers to congregate around and lounge at," but there is a "lack of sufficient knee or toe clearance under the lounge table for wheelchair users." *Id*. ¶ 12. He also alleges that on the date of his visit, the store "failed to provide wheelchair accessible paths of travel." *Id*. ¶ 15. Whitaker alleges that he personally encountered these barriers and that the barriers denied him "full and equal access" and "created difficulty and discomfort" for him. *Id*. ¶¶ 21-22. He states that he currently is deterred from shopping at AllSaints' store due to his knowledge of the existing barriers and that he will return to the store once it is represented to him that the store is accessible. *Id*. ¶ 25.

Whitaker filed this suit on May 3, 2021, asserting claims against AllSaints under Title III of the ADA (Claim 1) and under the Unruh Act (Claim 2). He seeks injunctive relief under both statutes, and damages under the Unruh Act. AllSaints moves to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.

## II. RULE 12(b)(1) MOTION

### A. Legal Standard

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

### B. Discussion

AllSaints asserts a facial challenge to subject matter jurisdiction in this case, arguing that the allegations of the complaint are insufficient to establish that Whitaker has constitutional standing to assert an ADA claim. If the Court dismisses Whitaker's ADA claim for lack of standing, AllSaints contends that his Unruh Act claim must be dismissed as well, because absent

subject matter jurisdiction over the ADA claim the Court cannot exercise supplemental jurisdiction over the Unruh Act claim. Whitaker argues that he has alleged Article III standing.

### 1. Claim 1 – ADA

Claim 1 asserts violations of the ADA based on a lack of sufficient knee or toe clearance under the lounge table for wheelchair users, and the failure to provide wheelchair accessible paths of travel in the store. The question presented by AllSaints' motion is whether the complaint's allegations are sufficient on their face to establish Article III standing.

"[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). "Under the oft-repeated standing formulation, [the plaintiff] must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the Store's actions, and that the injury can be redressed by a favorable decision." *Id*. "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, he must demonstrate a real and immediate threat of repeated injury in the future." *Id*. (internal quotation marks, citation, and footnote excluded). The Supreme Court has instructed courts to "take a broad view of constitutional standing" in the ADA context, as "private enforcement suits are the primary method of obtaining compliance with the Act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (internal quotation marks and citation omitted).

AllSaints contends that Whitaker's allegations do not establish injury in fact or likelihood of future injury. AllSaints does not raise separate challenges to the causation and redressability elements of standing. The Court finds that Whitaker's allegations are sufficient to establish constitutional standing with respect to his ADA claim, as discussed below.

#### a. Injury in Fact

Whitaker alleges that he uses a wheelchair for mobility, he visited AllSaints' store, he personally encountered barriers related to his disability (lounge tables with insufficient knee or toe clearance for wheelchair users and lack of accessible paths of travel), and the barriers deter him from returning to the store. Compl. ¶¶ 12, 15, 20, 25. The Ninth Circuit found similar allegations

sufficient to establish standing in another ADA case brought by the same plaintiff, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173 (9th Cir. 2021). In *Tesla*, the Ninth Circuit summarized the plaintiff's allegations as follows: "Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability – inaccessible service counters – and that the barrier deters him from returning." *Id.* at 1179. The Ninth Circuit concluded that "[t]hese allegations are sufficient to establish injury-in-fact for purposes of standing." *Id*. Applying *Tesla* to the facts of this case, this Court finds that Whitaker has alleged injury in fact.

AllSaints does not challenge Whitaker's allegations of injury in fact arising from the store's alleged lack of accessible paths of travel. However, AllSaints contends that Whitaker has not alleged injury in fact arising from the store's lounge tables, because he has not alleged that the lounge tables are fixed or built-in. According to AllSaints, the ADA does not require adequate knee or toe clearance for wheelchair users with respect to non-fixed, freestanding tables. AllSaints argues that only tables that are fixed or built-in can be the subject of an ADA claim based on inaccessibility to wheelchair users.

In support of its statutory construction, AllSaints cites to various provisions of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") that have been adopted by the Department of Justice ("DOJ"). The ADAAG are promulgated by a federal agency called the Architectural and Transportation Barriers Compliance Board ("Access Board"), but they are binding only when adopted by DOJ. *See Kirola v. City & Cty. of San Francisco*, 860 F.3d 1164, 1176-77 (9th Cir. 2017). The first iteration of the ADAAG was adopted by DOJ in 1991 ("1991 Standards"). *See id.* at 1177. In 2004, the Access Board updated the ADAAG ("2004 ADAAG"), but that update was not adopted by DOJ at the time. *See id.* The DOJ subsequently adopted the 2004 ADAAG, with slight variations, in what is known as the 2010 ADA Standards for Accessible Design ("2010 Standards"). *See id.* Construction or alterations must comply with the 1991 Standards or the 2010 Standards, depending on the date the particular construction or alteration commenced. *See id.* AllSaints contends that both the 1991 Standards and the 2010 Standards impose requirements only with respect to tables that are fixed or built-in, and not with respect to

4

free standing tables. Thus, AllSaints argues, Whitaker's failure to allege that he "personally encountered any inaccessible tables that were fixed or built-in to the Store" constitutes a failure to plead injury in fact. Mot. at 12, ECF 13.

Several courts in this district have rejected the argument AllSaints advances here, that the ADA prohibits discrimination against wheelchair users only with respect to fixed tables and not with respect to freestanding tables. *See Whitaker v. 2008 Shattuck Ave, LLC*, No. 21-CV-03083-EMC, 2021 WL 3676967, at *1-2 (N.D. Cal. Aug. 19, 2021) (collecting cases); *see also Whitaker v. Nowrouzi*, No. 21-CV-03039-HSG, 2021 WL 4595077, at *3 (N.D. Cal. Oct. 6, 2021). The *2008 Shattuck Ave* court summarized the flaws in that argument as follows:

> If Defendants are asserting that there is no 1991 ADAAG Standard or 2010 ADAAG Standard that expressly addresses nonfixed/freestanding tables, that may be true. *See, e.g.*, 28 C.F.R. § 36.406(b) (providing that "[t]he 1991 Standards and the 2010 Standards apply to fixed or built-in elements of buildings, structures, site improvements, and pedestrian routes or vehicular ways located on a site"). But that does not mean that the ADA allows for discrimination where there are nonfixed/freestanding tables. There is no principled reason why the ADA – a statute that is intended to prohibit discrimination against those [with] disabilities – would be limited to fixed tables but not free-standing ones. And in fact Title III of the ADA, on its face, contains no limitation.

*2008 Shattuck Ave*, 2021 WL 3676967, at *1. This Court agrees that discrimination against wheelchair users with respect to accessibility to freestanding tables may give rise to an ADA claim even if there is no specific regulation governing freestanding tables.

AllSaints relies heavily on Section 5.1 of the 1991 Standards, providing that "[w]here fixed tables (or dining counters where food is consumed but there is no service) are provided, at least 5 percent, but not less than one, of the fixed tables (or a portion of the dining counter) shall be accessible. . . ." 28 C.F.R. Pt. 36, App. D § 5.1. That provision addresses accessibility requirements for "Restaurants and Cafeterias." 28 C.F.R. Pt. 36, App. D § 5. AllSaints cites several cases addressing application of Section 5.1 to restaurant seating. *See, e.g., Sharp v. Islands California Arizona LP*, 900 F. Supp. 2d 1101, 1112 (S.D. Cal. 2012); *Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*, No. C-10-01919 JCS, 2012 WL 2990760, at *15 (N.D. Cal. July 20, 2012). The relevance of Section 5.1 and the cases interpreting it is unclear, as AllSaints' store is not alleged to be a restaurant. To the extent AllSaints is attempting to demonstrate the

existence of regulatory standards for some types of tables, but not those at issue in this case, "several courts have ruled that the ADA provides protections even if there is no directly applicable regulation setting a specific standard." *2008 Shattuck Ave*, 2021 WL 3676967, at *2.

In his opposition, Whitaker suggests that his claim is governed by Section 902.2 of the 2010 Standards, which he characterizes as "the focus of this case." Opp. at 4, ECF 15. Section 902.2 appears under the subheading "Dining Surfaces and Work Surfaces," and provides: "Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided." 36 C.F.R. § Pt. 1191, App. D § 902.2. Section 306 in turn sets forth certain requirements for knee and toe clearance. 36 C.F.R. § Pt. 1191, App. D § 306. In its reply, AllSaints disputes the applicability of Sections 902.2 and 306 to this case, arguing that those sections do not apply to nonfixed tables. Even if AllSaints is correct, Whitaker may proceed with his ADA claim absent a directly applicable regulation, as discussed above.

AllSaints cites *Whitaker v. Starbucks Corp.*, No. CV 19-6607-MWF-JPR, 2019 WL 7877376 (C.D. Cal. Dec. 9, 2019), for the proposition that there is no general requirement under the ADA that facilities be accessible. *Starbucks* involved the proper interpretation of Section 904 of the 2010 Standards, regulating the accessibility of counters. The plaintiff asserted that even if the defendant's counter complied fully with Section 904, he could still assert an ADA claim based on the defendant's failure to keep the counter "clear." *See id.* at *3-4. The district court found the plaintiff's argument to be without merit given that Section 904 contains a number of specific requirements for accessibility, including location, depth, and length of counters, and there is no requirement that counters be "clear." *See id.* *4. In the portion of the decision upon which AllSaints relies, the district court declined to apply a general regulatory requirement that facilities be "maintained in readily accessible and useable condition," finding "[t]hat provision cannot govern this dispute, as it would make superfluous all of the specific standards laid out in the regulations." *Id*. (internal quotation marks and citation omitted).

*Starbucks* does not stand for the proposition that the ADA permits disability discrimination absent a specific governing regulatory provision. It holds, unsurprisingly, that if a specific

1   regulatory provision applies, that provision governs rather than the ADA's more general
2   requirements. If it is determined at a later stage in the proceedings that particular provisions of the
3   1991 Standards or the 2010 Standards apply, the specific standards contained in those provisions
4   will govern Whitaker's claims.

In summary, this Court concludes that an ADA claim may lie based on the alleged inaccessibility of freestanding tables to wheelchair users, even if there is no directly applicable regulation governing freestanding tables. The Court therefore finds that AllSaints has failed to demonstrate a lack of Article III standing based on Whitaker's failure to plead that he encountered *fixed or built-in tables* that are not wheelchair accessible.

### b.  Likelihood of Future Injury

AllSaints argues that even if Whitaker has alleged injury in fact, he has not pled facts showing a likelihood of future injury as required to seek injunctive relief under the ADA. As noted above, in order to establish standing to pursue injunctive relief, an ADA plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d at 946 (internal quotation marks, citation, and footnote excluded). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier." *Id*. at 950. "Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id*. "Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store." *Id*. (internal quotation marks and citation omitted).

Whitaker alleges that he personally encountered barriers related to his disability – lounge tables with insufficient knee or toe clearance for wheelchair users and lack of accessible paths of travel – and that those barriers deter him from returning to the store. Compl. ¶¶ 20, 25. Whitaker also alleges that he will return to the store once it is represented to him that the store and its facilities are accessible. Compl. ¶ 25. These allegations are sufficient under *Chapman*.

7

1  AllSaints urges this Court to adopt a more exacting pleading standard that would require
2  ADA plaintiffs to allege facts regarding "(1) the proximity of defendant's business to plaintiff's
3  residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's
4  plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. JKLM*
5  *Properties, L.L.C.,* No. 5:20-CV-01078-EJD, 2020 WL 5517234, at *4 (N.D. Cal. Sept. 14, 2020).
6  This Court previously has recognized that some district courts impose these additional pleading
7  requirements, and it has declined to follow suit. *See Johnson v. Fogo De Chao Churrascaria (San*
8  *Jose) LLC*, No. 21-CV-02859-BLF, 2021 WL 3913519, at *4 (N.D. Cal. Sept. 1, 2021). In the
9  Court's view, Whitaker has satisfied the requirements for pleading likelihood of future injury
10 under applicable Ninth Circuit standards.
11 The motion to dismiss the ADA claim for lack of subject matter jurisdiction is DENIED.

12 **2.     Unruh Act Claim**

13 AllSaints asserts that if Whitaker's ADA claim is dismissed for lack of subject matter
14 jurisdiction, his Unruh Act claim must be dismissed as well, because the Court cannot exercise
15 supplemental jurisdiction over the Unruh Act claim absent original jurisdiction over the ADA
16 claim. "[S]upplemental jurisdiction may only be invoked when the district court has a hook of
17 original jurisdiction on which to hang it." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d
18 802, 805 (9th Cir. 2001). As discussed above, AllSaints' motion to dismiss the ADA claim for
19 lack of subject matter jurisdiction is without merit. Accordingly, AllStates has not established a
20 basis for dismissal of the Unruh Act claim on jurisdictional grounds.
21 The motion to dismiss the Unruh Act claim on jurisdictional grounds is DENIED.

22 **III.   RULE 12(b)(6) MOTION**

23 **A.     Legal Standard**

24 "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a
25 claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force*
26 *v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted).
27 While a complaint need not contain detailed factual allegations, it "must contain sufficient factual
28 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

8

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### B. Discussion

To prevail on a claim under Title III of the ADA, a plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability.  *See Molski*, 481 F.3d at 730.  To succeed on an ADA claim based on architectural barriers, the plaintiff "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable."  *Ridola*, 2018 WL 2287668, at *5.  "The Unruh Act is coextensive with the ADA."  *Molski*, 481 F.3d at 731.  Thus, to the extent Whitaker has stated a claim under the ADA, he also has stated a claim under the Unruh Act.

AllSaints argues that Whitaker has failed to state an ADA claim based on lack of sufficient knee or toe clearance under the store's lounge tables, because Whitaker has not alleged that the lounge tables are fixed or built-in.  It is AllSaints' position that freestanding tables that are inaccessible to wheelchair users are not architectural barriers prohibited by the ADA.  This Court declines to adopt AllSaints' interpretation of the ADA for the reasons discussed above in the context of AllSaints' Rule 12(b)(1) motion.

AllSaints does not raise a Rule 12(b)(6) challenge the adequacy of Whitaker's ADA claim based on allegedly inaccessible paths of travel in the store.

The motion to dismiss for failure to state a claim under Rule 12(b)(6) is DENIED.

### IV. ORDER

(1) AllSaints' motion to dismiss is DENIED.

(2) AllSaints shall file an answer by February 18, 2022.

(3) This order terminates ECF 13.

Dated: January 27, 2022

BETH LABSON FREEMAN
United States District Judge